UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20323-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

v.

**BARRY KAPLOWITZ**, **MELVIN HUNTER**, and **TIFFANY FOSTER**,

    Defendants.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will hear closing arguments from the Government and the Defendants. You will then go to the jury room and begin your discussions—what we call your deliberations.

    You must decide whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

    Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendants or the Government.

    You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

    The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. A defendant does not have to prove his or her innocence or produce any evidence at all. A defendant does not have to testify, and if a defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find a defendant not guilty.

    The Government's burden of proof is heavy, but it does not have to prove a defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that a defendant has been proven guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence are what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

Evidence of a defendant's character traits may create a reasonable doubt. You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant(s) committed the offense(s).

Certain documents have been admitted because they were kept in the ordinary course of business and the events were recorded in the documents at or about the time of the event noted. However, just because a business record has been admitted into evidence does not automatically mean all entries and notations in these records are true and correct. It is for you to decide what weight to give the business records and charts in evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or

disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

Keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important factor about an unimportant detail.

A defendant has a right not to testify. Where a defendant does testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You must consider some witnesses' testimony with more caution than others. In this case, the Government has made plea agreements with certain co-defendants in exchange for their testimony. Such "plea bargaining," as it is called, provides for the possibility of a lesser sentence than the co-defendants would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it. But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government. So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

As to witnesses who are cooperating with the Government pursuant to plea agreements, you have heard that some of these witnesses may stand to receive sentence reductions as a result of their cooperation.  Although it is solely for the sentencing judge to determine whether and how much of a reduction to grant a cooperating defendant, there are certain factors that may be considered.  One of those factors is the Government's recommendation to the judge as to how much of a reduction should be granted.  A judge does not have the ability to reduce the sentence of a cooperating defendant unless the Government first moves for a sentence reduction as a result of that individual's cooperation.  The power to initiate such an award rests solely with the Government.

And the fact that a witness has pleaded guilty to or been found guilty of an offense is not evidence of the guilt of any other person.

The law permits the United States to seek to collect a monetary judgment from what are known as the "substitute assets" of a convicted defendant.  The forfeiture of substitute assets is permissible.  "Substitute assets" may include property belonging to a defendant that has been comingled with the property of innocent third parties, which cannot be divided without difficulty.  You may consider these laws in evaluating the credibility of the testimony given by certain witnesses who have been ordered to pay restitution or penalties.

The Government must prove beyond a reasonable doubt that the Defendants were the persons who committed the crimes.

If a witness identifies a defendant as the person who committed the crime, you must decide whether the witness is telling the truth.   But even if you believe the witness is telling the truth, you must still decide how accurate the identification is.  I suggest that you ask yourself such questions as:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?
- How much time did the witness have to observe the person?
- How close was the witness?
- Did anything affect the witness's ability to see?
- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.   After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

You have been permitted to take notes during the trial.  Most of you—perhaps all of you—have taken advantage of that opportunity. You must use your notes only as a memory aid

during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

The indictment charges 11 separate crimes, called "counts." Each count has a number and refers to one or more Defendants in this case. You will be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that Defendants Kaplowitz, Hunter, and Foster knowingly and willfully conspired to commit wire fraud and health care fraud. Count 9 charges that Defendants Hunter and Foster knowingly and willfully conspired to pay and receive health care bribes and kickbacks and to defraud the United States Department of Health and Human Services. Counts 2–8 and Counts 10–11 charge that certain of the Defendants committed what are called "substantive offenses," specifically wire fraud, health care fraud, false statements, and the payment of health care bribes and kickbacks. I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in Count 1 or Count 9 with committing a substantive offense—they are charged with conspiring to commit that offense. I will give you specific instructions on conspiracy.

Count 1 charges Defendants Kaplowitz, Hunter, and Foster with conspiracy to commit wire fraud and health care fraud.

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud or health care fraud. A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member. The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

Defendants can be found guilty of the conspiracy offense charged in Count 1 only if all the following facts are proved beyond a reasonable doubt:

(1)     Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan, that is a plan to commit wire fraud or health care fraud, as charged in the indictment; and

(2)     Defendants knew the unlawful purpose of the plan and willfully joined in it.

5

Count 9 charges Defendants Hunter and Foster with conspiracy to pay and receive health care bribes and kickbacks and defraud the United States Department of Health and Human Services. Defendants can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Two or more persons in some way agreed to try to accomplish a shared and unlawful plan, that is a plan to pay or receive health care bribes and kickbacks or to defraud the U.S. Department of Health and Human Services;

(2) Defendants knew the unlawful purpose of the plan and willfully joined in it;

(3) During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

As to the conspiracies charged in Counts 1 and 9, the Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.  A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.  If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that is sufficient for you to find that Defendant guilty.  But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy.  Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

Regarding the alleged conspiracies, the indictment charges—in Count 1—that Defendants Kaplowitz, Hunter, and Foster conspired to commit wire fraud and health care fraud.  In Count 9, the indictment charges that Defendants Hunter and Foster conspired to pay health care bribes and kickbacks, to receive health care bribes and kickbacks, and to defraud the United States Department of Health and Human Services.  In other words, the Defendants are charged, in both Counts 1 and 9, with conspiring to commit more than one substantive crime.

The Government does not have to prove that a Defendant willfully conspired to commit all the substantive crimes charged in each conspiracy.  It is sufficient if the Government proves beyond a reasonable doubt that a Defendant willfully conspired to commit one of the crimes

alleged in each conspiracy. But to return a verdict of guilty, you must all agree on which of the crimes a Defendant conspired to commit.

Counts 2–3 charge Defendant Kaplowitz with wire fraud, and Counts 4–5 charge Defendant Hunter with different counts of wire fraud.

It is a Federal crime to use interstate wire communications to carry out a scheme to defraud someone else. Defendants can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Defendants knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) The false pretenses, representations, or promises were about a material fact;

(3) Defendants acted with the intent to defraud; and

(4) Defendants transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises. A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also does not have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendants personally made the transmission over the wire. And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business. To "cause" a wire communication to be used is to do an act knowing that the use of the wire will follow in the ordinary course of business or where that use can reasonably be expected to follow.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

Counts 6–7 charge Defendant Kaplowitz with health care fraud.

It is a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises.   Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

(1) Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program by means of false or fraudulent pretenses, representations, or promises;

(2) The false or fraudulent pretenses, representations, or promises related to a material fact;

(3) Defendant acted willfully and intended to defraud; and

(4) Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

As I have previously stated, a "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.   A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.   A fact is "material" if it has the capacity or natural tendency to influence a person's decision.   It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to do something with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also does not have to prove that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment.

Count 8 charges Defendant Kaplowitz with making a false statement or representation in connection to health care matters. It is a Federal crime to cover up by trick a material fact, or make any false statements in connection with the delivery of or payment for health care benefits. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Defendant falsified, concealed, or covered up by any trick, scheme, or device a fact, or made or used a writing or document and knew the writing or document contained a false, fictitious, or fraudulent statement or entry;

(2) Defendant made the statement in a matter involving a health care benefit program;

(3) The false statement or concealed fact was material;

(4) Defendant made or used the statement or concealed the fact knowingly and willfully; and

(5) Defendant did so in connection with the delivery of or payment for health care benefits, items, or services.

A statement is "false" when made if it is untrue when made and the person making it knows it is untrue. The Government does not have to show that the person or entity to whom it was made was, in fact, deceived or misled.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

The making of a false statement is not a crime unless the falsity relates to a "material" fact. A "material fact" is an important fact—not some unimportant or trivial detail—that has a natural tendency to influence or is capable of influencing a health-care benefit program in reaching a required decision.

Counts 10–11 charge Defendant Hunter with two separate violations of the Anti-Kickback Statute. A Defendant can be found guilty of violating the Anti-Kickback Statute only if the following facts are proven beyond a reasonable doubt:

(1) Defendant paid or offered any remuneration (including any bribe or kickback), directly or indirectly, openly or secretly;

(2) Defendant paid or offered payment in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program which, in this case, is Medicare; and

(3) Defendant did so knowingly and willfully.

The Government need not prove that the only or primary purpose of the remuneration, kickback, or bribe that was received was for the referral of Medicare patients. If the Government proves beyond a reasonable doubt that one of the purposes of receiving the payments charged in each of Counts 10-11 was in return for referring Medicare patients to Hollywood Pavilion, that is sufficient.

As used in these instructions, the term "remuneration" means the transfer of anything of value from one person or entity to another person or entity. Remuneration includes money. Remuneration can be direct or indirect.

The term "bribe" means the corrupt transfer of anything of value from one person or entity to another person or entity usually to accomplish some unlawful result or to accomplish some lawful result by some unlawful means.

The term "kickback" means the return of a portion of the original payment.

The term "Federal health care program" means any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government.

You have heard evidence concerning the Defendants' alleged violations of various civil rules, including State statutes, Medicare regulations, and ethical standards. Evidence of those various violations does not necessarily mean a crime has been committed, but that same evidence may or may not be relevant in determining any Defendant's state of mind, and whether that Defendant acted with criminal intent.

During the trial you have seen or heard summary evidence in the form of charts, testimony, and similar material. Some of these summaries were admitted into evidence because they may assist you in understanding the evidence presented. The summaries, however, are only as valid and reliable as the underlying materials they summarize.

You will see that the indictment charges crimes were committed "on or about" certain dates, or on "approximate" dates. The Government does not have to prove that the crimes occurred on exact dates. The Government only has to prove beyond a reasonable doubt that the crimes were committed on dates reasonably close to the dates alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident. The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant is not required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent—even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness cannot establish fraudulent intent. But an honest belief about the manner in which one conducts his or her professional responsibilities does not constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

Barry Kaplowitz has pled not guilty. His defense is that he acted in good faith at all times when he signed the documents in the manner he did relating to the admission, treatment, and discharge of patients at Hollywood Pavilion's Intensive Outpatient facility. Barry Kaplowitz asserts he relied in good faith on the expertise, qualifications, and credentials of Advanced Registered Nurse Practitioners ("ARNPs"). Kaplowitz also contends that his understanding of the Medicare guidelines governing billing procedures was permissible.

If you find that Barry Kaplowitz honestly believed his conduct was permitted under federal law, then you must find he lacked the requisite intent to commit the crimes alleged in the indictment.

Melvin Hunter has pled not guilty. You cannot find Melvin Hunter guilty simply because he was aware the organization where he was employed utilized the services of referral sources. Rather, to find the Defendant guilty of the crimes charged in the indictment, the Government has to produce evidence beyond a reasonable doubt as to each and every one of the elements of the crimes charged in those counts.

Defendant, Tiffany Foster, has raised the defense that she withdrew from the conspiracies that she is charged with (Counts 1 and 9) before the date of May 8, 2009, and that the statute of limitations ran out before the Government obtained an indictment charging her with the conspiracies.

The statute of limitations is a law that puts a limit on how much time the Government has to

obtain an indictment. This can be a defense, but Tiffany Foster has the burden of proving to you that she did in fact withdraw, and that she did so at least 5 years before the date she was indicted on May 8, 2014.

To prove this defense, Tiffany Foster must establish each and every one of the following things by a preponderance of the evidence:

(1)   That she completely withdrew from the conspiracies. A partial or temporary withdrawal is not sufficient.

(2)   That she took some affirmative step to renounce or defeat the purpose of the conspiracies. Just doing nothing, or just avoiding contact with the other members, would not be enough.

(3)   That she made a reasonable effort to communicate the affirmative act she had taken to defeat the purpose of the conspiracies to the other members of the conspiracies or disclosed the scheme to law enforcement authorities.

(4)   That she withdrew before the date of May 8, 2009.

An affirmative step or affirmative act would include an act that is inconsistent with the purpose of the conspiracy and is communicated in a way that is reasonably likely to reach the other members.

If Tiffany Foster proves each of these elements by a preponderance of the evidence, then you must find her not guilty.

Tiffany Foster has the burden of proving this defense by what the law calls a "preponderance of the evidence." That means Tiffany Foster must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Tiffany Foster and the evidence favoring the Government on opposite sides of balancing scales, Tiffany Foster needs to make the scales tip to her side.

To decide whether any fact has been proved by a preponderance of the evidence, you may — unless I instruct you otherwise — consider the testimony of all witnesses, regardless of who may have called them, and all exhibits the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

The fact that Tiffany Foster has raised this defense does not relieve the Government of its burden of proving, beyond a reasonable doubt, the underlying conspiracies.

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime. So, regarding Counts 2–3 (wire fraud), if you have first found Defendant Kaplowitz guilty of the crime of conspiracy as charged in Count 1

(conspiracy to commit wire fraud and health care fraud), you may also find Defendant Kaplowitz guilty of any of the crimes with which he is specifically charged in Counts 2–3.

Regarding Counts 4–5 (wire fraud), if you have first found Defendant Hunter guilty of the crime of conspiracy as charged in Count 1 (conspiracy to commit wire fraud and health care fraud), you may also find Defendant Hunter guilty of any of the crimes with which he is specifically charged in Counts 4–5.

Regarding Counts 6–7 (health care fraud), if you have found Defendant Kaplowitz guilty of the crime of conspiracy as charged in Count 1 (conspiracy to commit wire fraud and health care fraud), you may also find Defendant Kaplowitz guilty of any of the crimes charged in Counts 6–7 (health care fraud).

Regarding Counts 10–11 (payment of health care bribes and kickbacks), if you have found Defendant Hunter guilty of the crime of conspiracy as charged in Count 9 (conspiracy to pay and receive health care bribes and kickbacks and to defraud the United States), you may also find Defendant Hunter guilty of any of the crimes charged in Counts 10–11.

This is true even though the Defendants did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:

(1) During the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) The Defendants were knowing and willful members of the conspiracy when the crime was committed; and

(3) It was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged. Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime. A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime—not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

In some cases, it is a crime to attempt to commit an offense—even if the attempt fails. In this case, Defendant Kaplowitz is charged in Counts 6 and 7 with health care fraud. The Defendant can be found guilty of health care fraud only if all of the facts as previously instructed to you are proven beyond a reasonable doubt.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

(1) That Defendant knowingly intended to commit the crime of health care fraud, and;

(2) Defendant's intent was strongly corroborated by his taking a step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense—not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

If a Defendant's knowledge of a fact is an essential part of a crime, it is enough that the Defendant was aware of a high probability that the fact existed—unless the Defendant actually believed the fact did not exist.

"Deliberate avoidance of positive knowledge"—which is the equivalent of knowledge—occurs, for example, if a Defendant believed criminal activity was afoot but deliberately avoided learning the specifics so he or she can deny knowledge of the criminal activity.

So you may find that a Defendant knew about the crime in question if you determine beyond a reasonable doubt that the Defendant (1) actually knew about the crime, or (2) had every reason to know but deliberately closed his or her eyes. But I must emphasize that negligence, carelessness, or foolishness is not enough to prove that a Defendant knew about the crime.

Each count of the indictment charges a separate crime against the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial *only* for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

14

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.   So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.   But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts.   Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson.   The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.   Take the verdict form with you to the jury room.   When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.   Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.   The marshal will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom.   But I caution you not to tell me how many jurors have voted one way or the other at that time.